SAM SANGER ET AL. v. E. D. McCAN ET AL.

Decided December 14, 1907.

**Evidence—Identity of Person—Verdict—Question of Fact.**

In a suit between different claimants to land, evidence as to the identity of the original grantee of the land bounty warrant, considered, and held sufficient to support the verdict of the jury notwithstanding strong circumstances to the contrary.

Appeal from the District Court of Throckmorton County. Tried below before Hon. H. R. Jones.

*A. C. Foster* and *W. T. Andrews,* for appellants.

*T. J. Wright* and *Theodore Mack,* for appellees.

CONNER, CHIEF JUSTICE.—Appellees secured a verdict and judgment for the title and possession of three hundred and twenty acres of land located in Haskell and Throckmorton Counties and patented by virtue of land bounty warrant No. 3318, issued to James Ryan by the Secretary of War of the Republic of Texas on the 11th day of May, 1838. Appellee E. D. McCan, who was joined in the suit by her husband, claimed as the sole surviving heir of a James Ryan, who died in Burleson County, Texas, about the year 1847. Appellants, who were defendants below, claimed as vendees of the heirs of a James Ryan, who died in Lavaca County, Texas. The crucial question on the trial therefore was whether the James Ryan under whom appellees claim was the James Ryan to whom the bounty warrant issued.

Appellants' main contention before us is that the evidence wholly fails to support the verdict and judgment in appellees' favor on this issue, but after careful consideration we feel unable to so say. Mrs. E. D. McCan testified that she was sixty-three years of age; that her father, James Ryan, married Martha Fulcher in the State of Arkansas and came to Texas "about the year 1831," where he continued to reside until his death; that he served in the army of the Republic under Captain Burleson; that she had heard her mother, now deceased, and two of her maternal uncles speak of her father's service in the army of the Republic. William Armstrong testified that he was eighty-one years of age and had lived in Texas about sixty years; that he knew the Burleson County James Ryan about 1844; that he married "Patsy Fulcher," a sister of witness's wife, and mother of appellee E. D. McCan, in Arkansas, and came to

Texas "in the latter part of the 30's;" that while witness was not with him, it was his understanding that James Ryan enlisted and served as a soldier with a company near San Antonio in the early days; that "if he enlisted it was in the early 40's."

Thomas Ryan, a son of the James Ryan under whom appellants claim, testified that he came to Texas in 1856; that his father, James Ryan, immigrated to Texas in 1831 from Pennsylvania and died in Lavaca County some time before 1856; that his father, James Ryan, was a widower at the time he came to Texas; that the name of his deceased wife (the mother of witness) before her marriage was Honar Durbin; that the marriage of his parents was in Pennsylvania at a date not remembered; that witness did not know whether the Republic of Texas or the State of Texas had ever granted or issued to the James Ryan he knew any land certificates; that "he (James Ryan, my father), did not serve as a soldier in the army of the Republic of Texas—that is, if he ever served I never heard of it."

It was further shown that the certificate by virtue of which the land in controversy was located was issued by virtue of military service for the term of two months from the 3d day of October, 1835, to the 14th day of December, 1835, the certificate of military service being signed "Geo. Sutherland Capt. Edward Burleson com'd in chief." Appellants offered in evidence certified copy of petition of Martha Ryan, filed in the County Court of Burleson County, September 27, 1847, praying for her appointment as administratrix of the estate of James Ryan, and an order of said court on the 28th day of August, 1848, requiring her to give a new bond by reason of an application for release on the part of one of her sureties. Appellants further offered certified copy of conditional land certificate No. 7 for six hundred and forty acres of land, issued to James H. Ryan by the Board of Land Commissioners of Burleson County on the 6th day of September, 1841. This certificate recited that James Ryan had "proved according to law that he arrived in the Republic in November, 1839;" also certified copy of unconditional certificate No. 15 for six hundred and forty acres, issued by the same board, reciting that the administratrix of the estate of James H. Ryan (Mrs. Martha Ryan) on that day appeared before the board "and proved according to law that the said James H. Ryan arrived in the Republic of Texas in November, 1839, which is also shown by conditional certificate No. 7," etc.

It must be confessed that some of the evidence seems to be at first view incompatible with the verdict, that most strongly urged by appellants being the recitations hereinbefore set out to the effect that the father of appellee came to Texas in 1839. Supported as they are by some of the testimony of the witness Armstrong of like tendency. It must be remembered, however, that the large lapse of time may have obscured many circumstances that would explain the conflict in the testimony and establish beyond controversy the truth of appellees' theory. Appellee E. D. McCan says her father came to Texas in 1831 and served in the army of the Republic. These are facts well calculated to be firmly fixed in family

tradition. If true, they support the inference that the bounty warrant issued to the James Ryan, who died in Burleson County, particularly in view of the evidence of the son of the only other James Ryan appearing in the testimony that he never heard of his father's having served in the Texas army. The son testified to a considerable family connection and it seems improbable that his father in fact so served, without at least family tradition of the fact. The witness Armstrong corroborates appellee E. D. McCan save in his recollection of the date that her father immigrated to Texas, but he was a very old man and not an immediate member of the family. The jury may have thought he was mistaken in his dates, and it is possible, too, that the Arkansas James Ryan served in the army two months in 1835, returned home (for which he was given ten days in the certificate of service), and again returned to Texas in 1839, as recited in certificates Nos. 7 and 15 for six hundred and forty acres. But however this was, we can not say that the jury were bound to accept said recitations as true. The recitations were not those of James Ryan nor of appellees, and it was for the jury to judge of the weight to be given to all of the testimony and to reconcile conflicts if they could, and having acted, we do not see our way clear, as stated before, to disturb their finding in appellees' favor.

We attach no importance to the assignments raising other questions. The court's ruling in excluding the deed from Mrs. Mary Ryan, one only of the heirs under whom appellants claim, and certain memoranda of the General Land Office tending to show, perhaps, that I. G. Searcy, of Austin, located the land for the Lavaca County James Ryan, is entirely immaterial in view of the jury's finding on the main issue, and the eighth and last assignment is entirely too general for consideration.

We conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*